UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

**MAIKEL CASTILLO SANCHEZ,**

    **Plaintiff,**

vs.

**ABC PROFESSIONAL TREE
SERVICES INC.,
A Foreign Profit Corporation,**

    **Defendant.**
_____/

## COMPLAINT

COMES NOW, The Plaintiff, MAIKEL CASTILLO (hereinafter "Plaintiff"), by and through the undersigned counsel, files this Civil Action against the Defendant, ABC PROFESSIONAL TREE SERVICES INC., (hereinafter "Defendant" or "Employer"), alleging violations of the Florida Civil Rights Act and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action for declaratory and injunctive relief, and damages pursuant to The Florida Civil Rights Act of 1992, ("FCRA"), Fla. Stat. Section 760.01, *et seq*., in excess of Thirty Thousand Dollars ($30,000), exclusive of attorney's fees, interest and costs; and therefore, this action is within the jurisdiction of this Court.

2. Plaintiff is a male, he was and continues to be a resident of Sebring, Florida; and was an employee of Defendant, performing duties as a Company Driver, for the company's operated business facility, located in Highlands County, Florida.

3. Defendant, is a foreign profit corporation, duly authorized to conduct business in the State of Florida.

4. Defendant is an "employer" pursuant to Florida Civil Rights Act of 1992, Fla. *Stat. Section 760.01, et seq.,* (hereinafter referred to as "FCRA") since it employs fifteen or more employees for the applicable statutory period; and thus, it is subject to the employment discrimination provisions of the applicable statute, the FCRA.

5. Defendant is a "person" within the purview of the Florida Civil Rights Act of 1992, Fla *Stat. Section 760.01, et. seq.*

6. Venue is proper in Highlands County, Florida, pursuant to section 47.011, Florida Statutes, because all of the actions complained of herein occurred within the jurisdiction of this court, In and for Highlands County, Florida.

7. Plaintiff timely filed a charge of employment discrimination with the Equal Employment Opportunity Commission, the agency which is responsible for investigating claims of employment discrimination.

8. Pursuant to Section 760.11 (1), Florida Statues, for all charges of discrimination filed after June 8, 2001, the filing of a discrimination charge with the Equal Employment Opportunity Commission or with a local fair employment practices agency, vest the Florida Commission On Human Relations with jurisdiction with respect to that charge.

9. All conditions precedent for the filing of this action before this Court have indeed been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS

10. Plaintiff while employed with Defendant was a victim of blatant, willful and unlawful discrimination and retaliation based upon his national origin, color, race, and disability.

11. Plaintiff is a black, Cuban male, and began working for the Defendant on or about July 23, 2020 as a company driver.

12. Throughout Plaintiff's employment, Plaintiff's work had been exemplary, and he had proven himself an exceptional and professional employee. Plaintiff performed his job well.

13. During the relevant time period, Plaintiff was subjected to different terms and conditions of employment because of his race and disability.

14. On or about August 3, 2020, the Plaintiff had complained to his direct supervisor, Alex Morales, about wages that were owed to him which had not been paid for a total amount $2,450.00 that were owed. Plaintiff's supervisor disregarded the complaint for the wages owed and instead asked the Plaintiff to take a trip to Texas on behalf of the Defendant so that the Plaintiff could drive/deliver a company truck from Texas to Florida. The Plaintiff advised his supervisor of his inability to pay for his personal expenses as a result of the wages owed to the Plaintiff that were being withheld. Mr. Morales assured the Plaintiff that if the Plaintiff took the job proposed, Jose Romero, a trainer for the Defendant, would pay the Plaintiff his wages once the Plaintiff met with him before being flown to Texas.

15. On or about August 4, 2020, the Plaintiff met with Mr. Romero to be taken to the airport. During the drive to the airport the Plaintiff inquired about his owed wages and his lack of personal expenses for the trip. Mr. Romero replied that he did not know what payment was owed to the Plaintiff and did not know what the Plaintiff was talking about. After the Plaintiff further inquired, Mr. Romero became irate and began to reprimand, insult, and embarrass the Plaintiff in front of other company employees. While Plaintiff's conversation with Mr. Romero was in Spanish, Mr. Romero began speaking to the other two company employees that were in the vehicle in English and referring to the Plaintiff as a "lazy Cuban negro" believing the

Plaintiff would not understand the English language. The Plaintiff responded in English exclaiming that he had understood Mr. Romero. The Plaintiff asked Mr. Romero to take him back to the Defendant's Okeechobee office so that he could obtain his owed wages from Mr. Morales, because the Plaintiff did not have personal funds for the trip and required personal funds to control his blood sugar as a result of the Plaintiff's diabetes. Mr. Romero denied Plaintiff's request and dropped him off and left him stranded at the airport. The Plaintiff called Mr. Morales and Mr. Morales picked him up at the airport. After the Plaintiff complained to Mr. Morales of what had occurred, Plaintiff's employment was terminated by Mr. Morales.

16. The following day, on or about August 5, 2020, the Plaintiff called Defendant's Human Resources Department and complained of his employment termination and employment status. Defendant responded that the Plaintiff was still an "active" employee under the Defendant's system and that the Plaintiff would receive a call back. The Plaintiff

17. Plaintiff is informed and believes and thereon alleges that pursuant to the Florida Civil Rights Act, it is unlawful to harass employees based on their statutorily protected class, and that employers must take all reasonable steps to prevent harassment from occurring. Plaintiff is further informed and believes and thereon alleges that the FCRA holds employers strictly liable for harassment by Plaintiff's direct supervisor or any other manager.

18. As a direct and proximate result of Defendant's unlawful harassment of Plaintiff, and the creation of a hostile work environment, as alleged herein, Plaintiff has suffered and continues to suffer loss of income, stress and severe emotional distress, severe and lasting humiliation, embarrassment, mental anguish, and other incidental and consequential damages and expenses, which all caused Plaintiff damage in an amount according to proof at trial.

## COUNT I.

### *DISCRIMINATION BASED ON PLAINTIFF'S PROTECTED CLASS IN VIOLATION OF THE FCRA*

19. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-18 of this Complaint as if set out in full herein.

20. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon national origin.

21. The Plaintiff, possessed the requisite qualifications and skills to perform the position for the Defendant employer.

22. Defendant discriminated against Plaintiff on the basis of his national origin by subjecting Plaintiff to different terms and conditions of employment and terminating Plaintiff's employment for pretextual reasons.

23. Similarly situated employees outside of Plaintiff's protected class, with substantially similar experience, credentials, job duties, and qualifications were treated to different and better terms and conditions of employment than Plaintiff. The other two drivers in the vehicle with the Plaintiff on the way to the airport were not terminated nor asked to depend on other employees for funds. On the other hand, Plaintiff had requests for accommodations denied and was terminated.

24. The actions of the Defendant constitute an intentional violation of the FCRA, and as a direct, natural, foreseeable and proximate result of the actions and inactions of Defendant, Plaintiff has suffered injuries and losses including a violation of his statutory rights, mental pain and suffering and extreme emotional stress; loss of ability to lead a normal life; lost wages and

benefits and other economic losses, all of which injuries and losses are continuing and permanent in nature.

25. Plaintiff has retained the services of the undersigned attorneys to represent him in this action and is obligated to pay them a reasonable fee for their services.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA, and in addition, order the following additional relief:

    a. Award the Plaintiff actual damages, including appropriate amounts of back pay, front pay, and lost benefits; and

    b. Award Plaintiff as to this count prejudgment interest; and

    c. Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

    d. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to state law.

    e. Plaintiff reserves the right to assert a claim for punitive damages upon satisfying the applicable statutory pre-requisites.

    f. Plaintiff demands a trial by jury.

## COUNT II.
### *DISCRIMINATION BASED ON NATIONAL ORIGIN IN VIOLATION OF THE FCRA.*

26. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-18 of this Complaint as if set out in full herein.

27. The applicable statute, FCRA, prohibits an employer from making employment decisions or from taking any personal action, affecting the terms, conditions and privileges of one's employment, based upon national origin considerations, or national origin-based reasons.

28. The Plaintiff possessed the requisite qualifications and skills to perform the position for the Defendant employer. Plaintiff only requested reasonable accommodations of personal funds and owed wages so that the Plaintiff may have controlled his blood glucose levels during his trip for the delivery he was asked to perform, pursuant to his needs as a diabetic person.

29. The Plaintiff was subjected to disparate treatment in the workplace, in that a similarly situated employee was allowed opportunities not given to Plaintiff due to Plaintiff's legally protected category. Plaintiff was denied the ability to control his own personal funds during the trip where Mr. Romero advised the Plaintiff to request funds from the other two drivers that would take the trip with him when he required funds for personal needs. While the other drivers/employees were supplied funds and allowed to control such funds.

30. The actions of the Defendant constitute an intentional violation of the FCRA, and as a direct, natural, foreseeable and proximate result of the actions and inactions of Defendant, Plaintiff has suffered injuries and losses including a violation of his statutory rights, mental pain and suffering and extreme emotional stress; loss of ability to lead a normal life; lost wages and benefits and other economic losses, all of which injuries and losses are continuing and permanent in nature.

31. Plaintiff has retained the services of the undersigned attorneys to represent him in this action and is obligated to pay them a reasonable fee for their services.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA, and in addition, order the following additional relief:

   a. Award the Plaintiff actual damages, including appropriate amounts of back pay, front pay, and lost benefits; and

    b. Award Plaintiff as to this count prejudgment interest; and

    c. Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

    d. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to state law.

    e. Plaintiff reserves the right to assert a claim for punitive damages upon satisfying the applicable statutory pre-requisites.

    f. Plaintiff demands a trial by jury.

## COUNT III.
### *RETALIATION IN VIOLATION OF THE FCRA.*

32. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-18 of this Complaint as if set out in full herein.

33. The Florida Civil Rights Act prohibits an employer from retaliating against an employee for engaging in protected activity under the Act. The law prohibits and addresses employers who punish their employees for properly reporting inappropriate conduct, making the victim even worse off.

34. Plaintiff engaged in protected activity under the Act by complaining to his immediate supervisor Mr. Morales and to Human Resources about the disparate treatment to which Plaintiff was subjected to because of his race, color, national origin and disability. Moreover, Plaintiff complained to Human Resources about the unlawful actions performed by Mr. Romero and Mr. Morales and about Defendant's failure to accommodate his fund and owed wages requests and the negative effects of such actions.

35. Defendant retaliated against Plaintiff for engaging in these protected activities. Defendant denied Plaintiff's reasonable requests for accommodations. Further, Defendant, through the

actions of a supervisor unjustly reprimanded and yelled at Plaintiff for actions outside of his control and for being part of a protected class, subjecting him to harassment and a hostile work environment.

36. Plaintiff was terminated on August 4, 2020, as a result of his engagement in the above mentioned legally protected activities.

37. Defendant's conduct was motivated by intentional, discriminatory animus that injured Plaintiff; their conduct was willful and outrageous; and their conduct was aggravated by evil motive, actual malice, or with reckless indifference to Plaintiff's legal rights.

38. The actions of the Defendant constitute an intentional violation of the FCRA, and as a direct, natural, foreseeable and proximate result of the actions and inactions of Defendant, Plaintiff has suffered injuries and losses including a violation of his statutory rights, mental pain and suffering and extreme emotional stress; loss of ability to lead a normal life; lost wages and benefits and other economic losses, all of which injuries and losses are continuing and permanent in nature.

39. Plaintiff has retained the services of the undersigned attorneys to represent him in this action and is obligated to pay them a reasonable fee for their services.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA, and in addition, order the following additional relief:

    a. Award the Plaintiff actual damages, including appropriate amounts of back pay, front pay, and lost benefits; and

    b. Award Plaintiff as to this count prejudgment interest; and

    c. Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

    d. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Florida Law.

    e. Plaintiff reserves the right to assert a claim for punitive damages upon satisfying the applicable statutory pre-requisites.

    f. Plaintiff demands a trial by jury.

### COUNT IV.
### *FAILURE TO PREVENT WORKPLACE DISCRIMINATION, HARASSMENT, AND A HOSTILE WORK ENVIRONMENT BASED ON PLAINTIFF'S PROTECTED CLASS IN VIOLATION OF THE FCRA*

40. The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-18 of this Complaint as if set out in full herein.

41. Plaintiff is informed and believes and thereon alleges that, pursuant to applicable law, Defendant is prohibited from failing to take all reasonable steps necessary to prevent discrimination and harassment in the workplace.

42. Defendant violated its duty under the FCRA by failing to take all reasonable measures to prevent their agents, employees and management from creating a hostile work environment.

43. Defendant knew or should have known about the harassment as alleged herein. Defendant was advised on repeated occasions that their agents, employees and management were engaging in conduct in violation or potentially in violation of the FCRA. Despite such knowledge, Defendant failed to take immediate and appropriate corrective action to prevent the hostile work environment as alleged herein and detailed within Plaintiff's charge of discrimination filed with the EEOC.

44. Plaintiff informed his supervisor about the discrimination he was experiencing and the hostile work environment he was being subjected to, and Plaintiff informed the Human Resources Department of the resulting employment termination resulting from prior discriminatory experiences.

45. As a result of Defendant's failure to take all reasonable steps to prevent discrimination and harassment in violation of the FCRA, Plaintiff has suffered and continues to suffer damages, including severe emotional and/or physical distress, the exact amount of which will be proven at trial.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA, and in addition, order the following additional relief:

   a. Award the Plaintiff actual damages, including appropriate amounts of back pay, front pay, and lost benefits; and

   b. Award Plaintiff as to this count prejudgment interest; and

   c. Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

   d. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages.

   e. Plaintiff demands a trial by jury.

   f. Plaintiff reserves the right to assert a claim for punitive damages upon satisfying the applicable statutory pre-requisites.

46. Plaintiff requests a trial by Jury.

Dated this 31st day of May, 2021

Respectfully submitted,

*Anthony M. Georges-Pierre*
Anthony M. Georges-Pierre, Esq.
Florida Bar No.: 533637
agp@rgpattorneys.com
Max L. Horowitz, Esq.
Florida Bar No.: 118269
mhorowitz@rgpattorneys.com
REMER & GEORGES-PIERRE, PLLC
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

**MAIKEL CASTILLO SANCHEZ,**

    Plaintiff,

vs.

**ABC PROFESSIONAL TREE SERVICES INC.,**
**A Foreign Profit Corporation,**

    **Defendant.**
_____/

**SUMMONS IN A CIVIL CASE**

**TO:**    **C T CORPORATION SYSTEM**
    **C/O C T CORPORATION SYSTEM**
    1200 SOUTH PINE ISLAND ROAD
    PLANTATION, FL 33324

    **REGISTERED AGENT FOR:**
    **ABC PROFESSIONAL TREE SERVICES INC.**

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

    **Anthony M. Georges-Pierre, Esq.**

    **REMER & GEORGES-PIERRE, PLLC**
    **COURTHOUSE TOWER**
    **44 West Flagler Street, Suite 2200**
    **Miami, FL 33130**

an answer to the complaint which is herewith served upon you, within **21 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____                  _____
CLERK                                                                                       DATE

_____
(BY) DEPUTY CLERK