UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-14223-CIV-MARTINEZ/MAYNARD

**MAIKEL CASTILLO SANCHEZ**,

    Plaintiff,

**v.**

**ABC PROFESSIONAL TREE SERVICES, INC.**,

    Defendant**.**

_____/

## ORDER ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES AND TO HAVE REQUEST FOR ADMISSIONS ADMITTED (DE 35)

**THIS CAUSE** is before me upon Plaintiff's Motion to Compel Discovery Responses and to Have Request for Admissions Admitted ("Motion to Compel"). DE 35.  The District Judge has referred this case to me for disposition of all pretrial discovery motions pursuant to 28 U.S.C. § 636.  DE 11.  I have reviewed the Motion to Compel and the record in this case.  Defendant ABC Professional Tree Services, Inc. ("ABC") did not timely file a response to the Motion to Compel.[1]  For the reasons set forth below, the Motion to Compel (DE 35) is **GRANTED**.

This case arises from Plaintiff Maikel Castillo Sanchez's ("Sanchez's") former employment as a company driver for Defendant ABC.  DE 31.  Plaintiff Sanchez brings a claim for discrimination under the Florida Civil Rights Act, Fla. Stat. § 760.01 *et seq*. ("FCRA") and

---

[1] On February 24, 2022, I entered a paperless order directing Defendant ABC to file a response by March 1, 2022, in accordance with the discovery procedures (DE 12) governing this case.  On March 2, 2022, ABC filed a Notice of Compliance stating that "[a]s of this filing, Defendant has fully complied with all of Plaintiff's initial discovery requests.  All requests have been answered and served.  All responsive documents have been furnished."  DE 38 at 1. Even if the Notice of Compliance was accepted as a timely Response, which it is not, Defendant ABC did not refute Plaintiff EMH's contention that the discovery responses have been untimely served.  Although not styled as such, I construe ABC's notice (DE 38) as a response to the Motion to Compel.

claims for retaliation under the FCRA and the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").  *Id.*

Sanchez alleges that he began working for ABC on or about July 23, 2020, and he complained to his direct supervisor on or about August 3, 2020, that he had not been paid $2,450.00 in wages owed to him.  *Id.*  Sanchez further alleges that his complaint was ignored, and his direct supervisor, Mr. Morales ("Morales") requested that Sanchez take a trip to Texas in order drive and deliver a company truck from Texas to Florida.  *Id.*  Sanchez advised that he was unable to pay the expenses for the trip due to the wages that were being withheld.  *Id.*  Sanchez contends that Morales told him that Defendant ABC's trainer, Mr. Romero ("Romero"), would pay Sanchez his wages once Sanchez met with Morales prior to flying to Texas.  *Id.*

Sanchez met with Romero, on August 4, 2020, in order to be taken to the airport, during which time Sanchez inquired about his withheld wages.  *Id.*  Romero denied knowledge regarding any wages owed to Sanchez.  *Id.*  Instead, Romero referred to Sanchez as a "lazy Cuban negro" to others in the vehicle, after which Sanchez requested that Romero return him to ABC's office because, among other things, Sanchez did not have personal funds to make the trip to Texas.  *Id.*  Romero refused to return Sanchez to the office; therefore, Sanchez called Morales, who picked him up at the airport.  *Id.*  After Sanchez complained to Morales about what had occurred, Morales terminated Sanchez's employment.  *Id.*

Plaintiff Sanchez filed his Motion to Compel on February 24, 2022, seeking relief due to Defendant ABC's lack of response to: (1) 24 interrogatories (DE 35-6); (2) 24 requests for production (DE 35-5); and (3) 33 requests for admission (DE 35-4) (collectively, the "Discovery Requests") all served on December 14, 2021.  DE 35 at ¶2 (referencing DE 35-4 through DE 35-6).  On December 31, 2022, Sanchez extended the time for ABC to respond to January 28, 2022.

DE 35 at ¶3; DE 35-1.  On January 31, 2022, ABC's counsel responded to Sanchez's counsel that "the responses would be provided within the week."  DE 35 at ¶4; DE 35-2.  Sanchez's counsel again reached out to ABC's counsel on February 9, 2022 and was again promised responses within the week.  DE 35 at ¶5.  Sanchez's counsel again requested responses on February 15, 2022, and ABC's counsel stated that the responses would be provided that day.  *Id.* at ¶6.

As a result of Defendant ABC's lack of response to the Discovery Requests, Plaintiff Sanchez seeks three things: (1) an order compelling Defendant ABC to produce all requested discovery; (2) fees of $357.50 for 1.3 hours of work attempting to obtain "the outstanding discovery"; and (3) an order affirming that the admissions requested are deemed admitted.  DE 35 at 4-5.  ABC's untimely response to the Motion to Compel does not argue with Sanchez's contention that ABC failed to timely respond to the Discovery Requests.  DE 38.

Pursuant to Rule 37(a)(3)(B), "[a] party seeking discovery may move for an order compelling an answer . . . production, or inspection . . . if . . . a party fails to answer an interrogatory . . . or . . . a party fails to produce . . . or fails to respond that inspection will be permitted."  Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv).  Motions to admit admissions, however, are not contemplated under the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 36.  Rather, "Rule 36(a) of the Federal Rules of Civil Procedure makes clear that a matter is deemed admitted unless the party to whom the request is directed timely serves a written response or objection." *Karsel Holdings, LLC v Scottsdale Ins. Co.*, No. 21-21277-CIV, 2022 WL 344591, at *2 (S.D. Fla. Feb. 4, 2022) (citing Fed. R. Civ. P. 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.")).  "The rule operates automatically; once a party fails to answer the requests for admissions, the matters are admitted."

3

*Ramos v. Yokopor*, No. 17-23107-CIV, 2018 WL 5044256, at *1 (S.D. Fla. Jan. 4, 2018) (citing *United States v. 2204 Barbara Lane*, 960 F.2d 126, 129 (11th Cir. 1992)). Thus, "a motion to deem requests for admissions admitted is unauthorized and unnecessary under the rule." *Id.*

Pursuant to Local Rule 7.1(c), failure to file a memorandum in opposition to a motion "may be deemed sufficient cause for granting the motion by default." S.D. Fla. L.R. 7.1(c). *See also Appelbaum v. Rickenbacker Grp., Inc.*, No. 12-80251-CIV, 2012 WL 12883332, at *1 (S.D. Fla. Sept. 4, 2012) (invoking L.R. 7.1(c) to grant by default a plaintiff's motion to compel responses to a first set of discovery requests). Furthermore, "[a] party's failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed." *Jones v. Bank of Am., N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014) (internal quotation marks omitted) (quoting *Kramer v. Gwinnett Cnty., Ga.*, 306 F.Supp.2d 1219, 1221 (N.D. Ga. 2004)). *See also Foster v. Coca-Cola Co.*, No. 6:14-CV-2102-ORL-40, 2015 WL 3486008, at *1 (M.D. Fla. June 2, 2015) ("When a party fails to respond [to a motion to compel discovery responses], that is an indication that the motion is unopposed."). "An award of attorney's fees and costs are appropriate if a motion to compel is granted." *Bernstein v. Town of Jupiter*, No. 21-81215-CV, 2021 WL 6135270, at *2 (S.D. Fla. Nov. 23, 2021) (Middlebrooks, J.) (citing Fed. R. Civ. P. 37(a)(5)(A)).

Here, I find that Defendant ABC failed to timely respond to Plaintiff Sanchez's Discovery Requests and then failed to timely respond to Sanchez's Motion to Compel. There is no excuse for either. Furthermore, when ABC did respond to the Motion to Compel, it did not object to any of Sanchez's requested relief. Accordingly, I deem the Motion to Compel unopposed. *Foster*, WL 3486008, at *1. Also, the Local Rules provide for the Motion to Compel to be granted by default in light of ABC's failure to timely respond to it and in light of ABC's failure, when it did respond, to refute Sanchez's contention that it did not timely serve discovery responses.

4

*Appelbaum*, 2012 WL 12883332, at *1 (citing S.D. Fla. L.R. 7.1(c)). Therefore, the Motion to Compel is granted. Further, Sanchez should recover his costs for making the motion. *Bernstein*, 2021 WL 6135270, at *2.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Plaintiff Sanchez's Motion to Compel (DE 35) is **GRANTED**.

2. To the extent that Defendant ABC has not already done so, it shall provide responses to the Discovery Requests **WITHIN 5 DAYS** from the date of this Order.

3. Within 10 days of this Order, Defendant ABC shall remit attorney's fees to Sanchez's counsel in the amount of **$357.50**, which have been incurred as a result of ABC's failure to timely respond to the Discovery Requests.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 17th day of March, 2022.

*[signature]*
SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE