UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 21-14223-CIV-MARTINEZ-BECERRA

MAIKEL CASTILLO SANCHEZ,

    Plaintiff,

v.

ABC PROFESSIONAL TREE SERVICES INC.,

    Defendant.
_____/

## ORDER ON MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** comes before the Court on Plaintiff Maikel Castillo Sanchez's Motion for Summary Judgment. (ECF No. 50). The Court has reviewed the briefing, the record, and is otherwise fully advised in the premises. After careful consideration, the Court rules as follows.

**I.    BACKGROUND**

    **A. Procedural History**

Plaintiff asserts a three-count complaint against his former employer for (1) national-origin discrimination under the Florida Civil Rights Act ("FCRA"); (2) retaliation under the FCRA; and (3) retaliation under the Fair Labor Standards Act ("FLSA"). (Compl. ¶¶ 23–42, ECF No. 31). Defendant answered the Complaint. (ECF No. 33). During discovery, Plaintiff moved to compel responses to 24 interrogatories (ECF No. 35-6), 24 requests for production (ECF No. 35-5), and to have the Court deem admitted 33 requests for admissions, (ECF No. 35-4 (hereinafter, "Admissions" or "Admis.")), (collectively, "Discovery Requests"). (*See* ECF No. 39 at 2). Magistrate Judge Maynard ordered Defendant to respond to the motion to compel by March 1, 2022, (ECF No. 36), but no response was filed. Instead, on March 2, 2022, Defendant filed a

"Notice of Compliance" with Judge Maynard's order, stating that "[a]s of this filing, Defendant has fully complied with all of Plaintiff's initial discovery requests." (ECF No. 38). The "Notice of Compliance" did not rebut Plaintiff's contention that Defendant had failed to timely serve its discovery responses. (*Id.*; *see also* ECF No. 39 n.1). Judge Maynard found that there was "no excuse" for Defendant's failure to respond timely to the Discovery Requests or to respond to the motion to compel, granted the motion to compel by default pursuant to Local Rule 7.1(c), and awarded Plaintiff fees incurred from Defendant's failure to timely respond to the Discovery Requests. (ECF No. 39 at 4). Judge Maynard also explained how the failure to respond to requests for admission operates under Federal Rule of Civil Procedure 36(a)(3), whereby, "once a party fails to answer the requests for admissions, the matters are admitted." (*Id.* (citation omitted)). Moreover, "a motion to deem requests for admissions admitted is unauthorized and unnecessary under the rule." (*Id.* (citation omitted)).

Plaintiff now moves for summary judgment on all his claims. (Mot. at 1). In response, Defendant contends that its admissions are insufficient to warrant judgment on Plaintiff's claims, and that other evidence in the record conflicts with the admissions. (Resp. at 2, ECF No. 51). Plaintiff filed a rely, citing to case law for the proposition that contradictory evidence cannot rebut an unwithdrawn or unamended admission. (*See* Reply, ECF No. 52). Plaintiff's Motion for Summary Judgment is now ripe for the Court's review.

**B. Effect of Admissions**

Before turning to the facts of this case, the Court first addresses the effect of Defendant's Admissions. (ECF No. 35-4). Federal Rule of Civil Procedure 36(a) provides that "[a] party may serve on another party a written request to admit, for purposes of the pending action only, the truth of any matters . . . relating to: (A) facts, the application of law to fact, or opinions about either; and

(B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). A matter is deemed admitted if not responded or objected to within thirty days after being served with the request, unless the Court grants an extension. Fed. R. Civ. P. 36(a)(3). Moreover, "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b).

To date, Defendant has not filed a motion to withdraw or amend its Admissions. If a party does not seek to "withdraw or amend its admission, the court [is] not free to reject this 'conclusively established' fact even if it 'found more credible the evidence of the party against whom the admissions operate.'" *Williams v. City of Dothan*, 818 F.2d 755, 762 (11th Cir. 1987) (alteration adopted; citation omitted); *see also Metzler v. Lykes Pasco, Inc.*, 972 F. Supp. 1438, 1443 (S.D. Fla. 1997) ("An admission that is not withdrawn or amended cannot be rebutted by contrary testimony or ignored by a district court."). Since Defendant has not attempted to withdraw or amend its admissions, the admissions are "conclusively established" pursuant to Federal Rule of Civil Procedure 36.

The Court further notes that Defendant's Response to Plaintiff's Motion for Summary Judgment does not rebut or deny its admissions; rather, the Response states that granting summary judgment for Plaintiff would be "improper" based on contradictory evidence in the record. (Resp. at 2, 4). But "[t]o allow a party to withdraw an admission simply by presenting conflicting evidence would be to render the admission meaningless." *Coleman v. Starbucks Corp.*, No. 14-cv-527, 2015 U.S. Dist. LEXIS 141765, *40–41 (M.D. Fla. Aug. 5, 2015) (discussing effect of admissions neither withdrawn nor amended); *Jacobs v. Elec. Data Sys. Corp.*, No. 05-cv-925, 2006 U.S. Dist. LEXIS 91706, *9 (M.D. Ala. Dec. 18, 2006) (granting summary judgment for defendant based on plaintiff's admissions even though plaintiff's "deposition testimony is generally

inconsistent with her admissions" because "admissions are unlike other evidence in that a party cannot rebut its own admissions by introducing evidence that contradicts it"). Accordingly, the factual background outlined below accepts the Admissions as conclusively established and turns to the record on topics not covered by the Admissions.

### C. Factual Background

Plaintiff Maikel Castillo Sanchez began working for Defendant ABC Professional Tree Services as a company driver from July 23, 2020, until his termination on August 4, 2020. (Admis. ¶ 1; May 23, 2022, Plf.'s Stmt. Of Material Facts, ECF No. 50-6 ("Plf. SMF") ¶ 1; June 6, 2022, Def's Stmt. Of Material Facts, ECF No. 51-1 ("Def. SMF") ¶ 1). Plaintiff is Cuban. (Plf. SMF ¶ 2; Def. SMF ¶ 2). He also asserts that he is Black. (Plf. SMF ¶ 2; Def. SMF ¶ 2). Defendant disputes knowing that Plaintiff was Cuban or Black. (Plf. SMF ¶ 2; Def. SMF ¶ 2).

Plaintiff fully performed all his duties and obligations as Defendant's employee. (Admis. ¶ 13). Nevertheless, Defendant failed to pay Plaintiff in a timely manner at his contracted-for rate of $19.00 per hour. (Admis. ¶¶ 3–4). The day before his termination, Plaintiff complained to his supervisor, Alex Morales, about Defendant's failure to pay Plaintiff's wages. (Admis. ¶¶ 5–6; Apr. 20, 2022, Alex Morales Dep. ("Morales Dep.") at 89:4–5, ECF No. 51-3). Plaintiff was only paid when he complained to Defendant about the missed payments. (Admis. ¶ 8).

On the date of Plaintiff's termination, Defendant asked Plaintiff to fly to Houston, Texas to drive one of Defendant's trucks for a task. (Admis. ¶ 20; Plf. SMF ¶ 5; Def. SMF ¶ 5). That same day, Defendant's agent, Jose Romero, picked Plaintiff and two other employees up at a hotel in Okeechobee, Florida to drop them off at the airport in Orlando, Florida for their flight to Houston, Texas. (Admis. ¶ 23; Plf. SMF ¶ 7; Def. SMF ¶ 7; Apr. 21, 2022, Jose Romero Dep., ("Romero Dep.") at 40:14–21, ECF No. 51-4).

The parties dispute what was said during the one to two-hour car ride to the Orlando airport. (Morales Dep. at 80:1–8; Romero Dep. at 59:8–60:9). Plaintiff asserts that he asked Romero about the expenses he would incur in Texas. (Sanchez Dep. at 79:1–16, 84:11–15; 85:7–15). Specifically, Plaintiff states that Morales informed him that Romero would be giving him cash or a card for his expenses in Texas. (Sanchez Dep. at 79:1–16, 84:11–15, 85:7–15). Romero does not dispute that someone in the car asked him about expenses, but he did not recall who asked him. (Romero Dep. at 52:21–25, 53:5–10, 55:1–10, 61:17–62:26).

In addition, Plaintiff testified at his deposition that Romero told him he was a "shitty Cuban," "bad Cuban," "dirty black man," "dirty Cuban," "black shit," and remarked on "what kind of family I was [sic] that I didn't have money in my pockets." (Sanchez Dep. at 35:12–37:7, 89:4–13, 114:21–115:2). Romero denies making any discriminatory comments to Plaintiff. (Def. SMF ¶ 9; *see also* Romero Dep. at 71:1–22).

Ultimately, Plaintiff called and told Morales that he was not going to go to Texas anymore because he was not going to be reimbursed for the trip and asked for a ride back to Okeechobee from the Orlando airport. (Morales Dep. at 84:5–16, 86:1–13; Sanchez Dep. at 93:6–94:21). Morales picked Plaintiff up from the airport and brought him back to Okeechobee, Florida. (Morales Dep. at 85:12–19, 89:10–15, 95:19–96:3). When Morales picked Plaintiff up from the Orlando airport, Plaintiff complained to Morales about Defendant's failure to timely pay Sanchez his wages. (Admis. ¶ 26). Plaintiff also complained to Morales that he had suffered discriminatory actions and harassment, "or otherwise had an altercation with Mr. Romero," during the drive to the Orlando airport. (Admis. ¶ 30).

Defendant did not provide funds to Plaintiff for his flight to Houston, Texas or for the employment task in Texas, as is customary in the industry and required under the employment

contract between Defendant and Plaintiff. (Admis. ¶¶ 25, 27–28). Morales "terminated Plaintiff's employment in retaliation for Plaintiff's complaints of discrimination and in retaliation of Plaintiff's request for timely payment and compensation of his owed wages." (Admis. ¶ 31; *see also* Admis. ¶ 9 ("Plaintiff was terminated as a result of his complaints of missed payments.")). After his termination, Plaintiff complained to Defendant's Human Resources Department about Defendant's failure to pay his wages. (Admis. ¶ 32; Plf. SMF ¶ 13; Def. SMF ¶ 13; Sanchez Dep. at 49:23–25, 51:2–13).

## II. LEGAL STANDARD

Summary judgment is appropriate only if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is genuine if there is sufficient evidence such that a reasonable jury could return a verdict for either party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Similarly, an issue is material if it may affect the outcome of the suit under governing law. *Id.* The moving party bears the burden of showing the absence of any genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). At the summary judgment stage, courts must view the evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Chapman v. Am. Cyanamid Co.*, 861 F.2d 1515, 1518 (11th Cir. 1988). If the evidence advanced by the nonmoving party "is merely colorable, or is not significantly probative, then summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (citations omitted).

### III.  DISCUSSION

**1. Discrimination in Violation of the FCRA (Count I)**

To establish discriminatory treatment, a plaintiff must first set forth a prima facie case of discrimination, which "raises the inference that discriminatory intent motivated the adverse employment action." *See Coutu v. Martin Cnty. Bd. of Cnty. Comm'rs*, 47 F.3d 1068, 1073 (11th Cir. 1995); *Harper v. Blockbuster Entm't Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998) ("[D]ecisions construing Title VII are applicable when considering claims under the Florida Civil Rights Act, because the Florida act was patterned after Title VII."). Plaintiff "may rely on direct or circumstantial evidence of discrimination" to set forth a prima facie case. *Maynard v. Bd. of Regents*, 342 F.3d 1281, 1288 (11th Cir. 2003). "Direct evidence is 'evidence, which if believed, proves the existence of the fact in issue without inference or presumption.'" *Id.* at 1289 (citation omitted; alterations adopted). "In the face of direct evidence, an employer must prove that the same employment decision would have been made absent any discriminatory intent." *Carter v. Miami*, 870 F.2d 578, 581–82 (11th Cir. 1989).

Notably, "remarks by non-decision markers or remarks unrelated to the decisionmaking process itself are not direct evidence of discrimination." *Standard v. A.B.E.L. Servs.*, 161 F.3d 1318, 1330 (11th Cir. 1998). When an "alleged statement suggests, but does not prove, a discriminatory motive, then it is circumstantial evidence." *Wilson v. B/E Aero., Inc.*, 376 F.3d 1079, 1086 (11th Cir. 2004). To establish a prima facie case of discrimination through circumstantial evidence, a plaintiff must show that "(1) he is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) he was replaced by a person outside his protected class or was treated less favorably than a similarly-situated individual outside his protected class." *Maynard*, 342 F.3d at 1289 (citing *McDonnell*

*Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). If a plaintiff establishes a prima facie case, the employer can rebut the inference of discriminatory intent by "clearly articulating in a reasonably specific manner a legitimate non-discriminatory reason for the adverse action." *Coutu*, 47 F.3d at 1073 (internal quotation marks omitted). If the employer rebuts the inference, "the plaintiff then has the burden of persuading the court that the proffered reason is a pretext for the true discriminatory reason." *Id.*

Here, Plaintiff has not established a prima facie case of discrimination through either direct or circumstantial evidence. He has not established a prima facie case through direct evidence because Romero's alleged discriminatory remarks to Plaintiff are disputed. The extent of Romero's involvement in Plaintiff's termination, if any, is also disputed. As for Plaintiff's prima facie case based on circumstance evidence, Defendant has not admitted, and there is no evidence in the record to support that Plaintiff was treated less favorably than other employees outside his protected class, or that he was replaced by a person outside his protected class. For these reasons, Plaintiff is not entitled to summary judgment on his discrimination claim.

   2. **Retaliation in Violation of the FCRA (Count II) and FLSA (Count III)**

Plaintiff also asserts claims for retaliation under the FCRA and FLSA. The purpose of the FCRA is to "protect[] Floridians within the State from invidious discrimination." *Sinclair v. De Jay Corp.*, 170 F.3d 1045, 1047 (11th Cir. 1999). The FCRA makes it unlawful "[t]o discharge . . . any individual . . . because of the individual's race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status." § 760.10(1)(a), Fla. Stat. The FLSA "requires employers who meet its preconditions to pay workers a minimum wage and to provide overtime pay where workers exceed forty hours per week." *Polycarpe v. E & S Landscaping Serv.*, 616 F.3d 1217, 1220 (11th Cir. 2010). The FLSA make its unlawful for any person "to discharge . . . an employee

because such employee has filed any complaint . . . under or related to this Act[.]" 29 U.S.C. § 215(a)(3).

FCRA and FLSA retaliation claims are governed by the same legal analysis. *See Alvarez v. Royal Atl. Developers*, Inc., 610 F.3d 1253, 1271 (11th Cir. 2010); *Touzout v. Am. Best Car Rental KF Corp.*, No. 15-cv-61767, 2017 U.S. Dist. LEXIS 72033, at *37 (S.D. Fla. May 11, 2017). To prevail on a retaliation claim under either statute, a plaintiff must first establish a prima facie case by showing "'(1) []he engaged in activity protected under the act; (2) []he subsequently suffered adverse action by the employer; and (3) a causal connection existed between the employee's activity and the adverse action.'" *Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1342–43 (alteration adopted; citation omitted); *Coutu*, 47 F.3d at 1074.

Importantly, to prevail on a retaliation claim, a plaintiff need not prove the underlying discrimination or wage violation, so long as the plaintiff establishes he had a "reasonable good faith belief" that the discrimination or wage violation existed. *See Meeks v. Computer Assocs. Int'l*, 15 F.3d 1013, 1021 (11th Cir. 1994); *Edgecombe v. Lowes Home Ctrs., L.L.C.*, 391 F. Supp. 3d 1142, 1150 (S.D. Fla. 2019). "A plaintiff must not only show that he *subjectively* (that is, in good faith) believed that his employer was engaged in unlawful employment practices, but also that his belief was *objectively* reasonable in light of the facts and the record presented." *Little v. United Techs., Carrier Transicold Div.*, 103 F.3d 956, 960 (11th Cir. 1997) (emphasis in original).

A statutorily protected activity—the first element of a prima facie retaliation case—includes unofficial complaints expressed by an employee to his employer about conduct that violates the FCRA or FLSA. *See EEOC v. White & Son Enters.*, 881 F.2d 1006, 1011 (11th Cir. 1989); *Fields v. Dep't of Juvenile Justice*, 712 F. App'x 934, 937 (11th Cir. 2017) (citing *Pipkins v. City of Temple Terrace*, 267 F.3d 1197, 1201 (11th Cir. 2001)). "[T]he employer must have fair

notice that an employee is making a complaint that could subject the employer to a later claim of retaliation." *Kasten v. Saint-Gobain Performance Plastics Corp.*. 563 U.S. 1, 13 (2011). To that end, "some degree of formality" is required. *Id.* at 14. The complaint, however, does not need to be given in writing. *Id.*

An adverse employment action—the second element of a prima facie case—includes "termination, failure to hire, or demotion." *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008) (citation omitted). Causation—the third element—requires the plaintiff establish that his protected activity was a "but-for cause" of the alleged adverse action. *See Univ. of Tex. Southwestern Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013); *Wolf*, 200 F.3d at 1343. "This requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." *Nassar*, 570 U.S. at 360.

If a plaintiff establishes a prima facie case of retaliation, "the employer then must articulate a legitimate, nondiscriminatory reason for the adverse employment action." *Raspanti v. Four Amigos Travel, Inc.*, 266 F. App'x 820, 822 (11th Cir. 2008). "If the employer meets this burden of production, then the plaintiff must establish that the proffered reason is pretextual." *Id.* at 822.

Here, Defendant has admitted that it terminated Plaintiff's employment "in retaliation of Plaintiff's complaints of discrimination and in retaliation of Plaintiff's request for timely payment and compensation of his owed wages." (Admis. ¶ 31). Plaintiff has also established that he had a good-faith basis to believe that he was discriminated against, and that Defendant failed to timely pay his wages. (Admis. ¶¶ 25–32; Sanchez Dep. at 35:11–37:7; 86:2–88:21). Based on Defendant's own admissions, Plaintiff is entitled to summary judgment on his retaliation claims.

## IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that:

Plaintiff's Motion for Final Summary Judgment, (ECF No. 50), is **GRANTED IN PART AND DENIED IN PART**. Summary judgment is entered for Plaintiff and against Defendant on liability as to (1) Plaintiff's retaliation claim under the Florida Civil Rights Act (Counts II), and (2) Plaintiff's retaliation claim under the Fair Labor Standards Act (Count III). Summary judgment is denied as to Plaintiff's claim for discrimination under the Florida Civil Rights Act (Count I). This case shall proceed to trial on the issue of damages for the retaliation claims, and on Plaintiff's discrimination claim.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 19th day of August, 2022.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Becerra
All Counsel of Record