UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 2:21-cv-14223-JEM

MAIKEL CASTILLO SANCHEZ,

    Plaintiff,

v.

ABC PROFESSIONAL TREE
SERVICES INC.,
A Foreign Profit Corporation,

    Defendant.
_____/

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND JOINT STIPULATION FOR DISMISSAL[1]

The Plaintiff, MAYKEL CASTILLO SANCHEZ, ("Plaintiff"), and Defendant, ABC PROFESSIONAL TREE SERVICES INC., ("Defendant"), (collectively the "Parties"), by and through their undersigned counsel, hereby stipulate to the voluntary dismissal with prejudice of this action in its entirety pursuant to Fed. R. Civ. P. 41(a)(1), subject to the Court's review and approval of their FLSA settlement agreement.

The Parties jointly move the Court for entry of an Order approving the Parties' FLSA settlement agreement (the "Agreement") and for dismissal of this action, with prejudice. To facilitate the Court's review of the Parties' settlement agreement (the "Agreement"), a copy of the executed Agreement will be provided for *in camera* review.

**I.     Background**

Plaintiff asserts a claim in this action for Retaliatory Discharge pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* ("FLSA"). Plaintiff asserts that Plaintiff's initial claims of

---

[1] The Parties submit for in camera review all documents requested by this Honorable Court, including the Settlement Agreement, Retainer Agreement, and Plaintiff's Attorneys' Fees and Costs breakdown.

unpaid wages under the FLSA are not brought forth in the Operative Complaint, Plaintiff's Third Amended Complaint, and only Plaintiff's Claims of Retaliation in Violation of the FCRA and Retaliation in Violation of the FLSA are maintained therein.

From the onset of this litigation, the Parties laid out their respective positions on the facts and law. Ultimately, the Parties were able to negotiate and agree on a settlement of this action under the terms set out in the Agreement.

## II.     Legal Principles

Under well-established law, there are two ways in which claims under the FLSA can be settled and released by employees. First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employees is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the court enters a judgment approving the fairness of the settlement. *Id.; see also Schulte, Inc. v Gandi*, 328 U.S. 108 (1946); *Jarrad v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947). In addressing the circumstances justifying court approval of an FLSA settlement in the litigation context, the Eleventh Circuit has explained:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial contact. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable comprise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354.

When evaluating an FLSA settlement agreement, the district court considers both whether the settlement is fair and reasonable to the employee (i.e., "internal" factors), and whether the settlement frustrates the purpose of the FLSA (i.e., "external" factors). Factors considered "internal" include:

(1) the existence of fraud or collusion behind the settlement;

(2) the complexity, expense, and likely duration of the litigation;

(3) the stage of the proceedings and the amount of discovery completed;

(4) the probability of plaintiff's success on the merits;

(5) the range of possible recovery; and

(6) the opinions of the counsel.

*Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994); *see also Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241-44 (M.D. Fla. 2010). There is a "'strong presumption' in favor of finding a settlement fair." *Walker v. Kirkman Mgmt., LLC*, No. 20-1149, 2022 WL 1037369, at * 2 (M.D. Fla. Mar. 18, 2022) (quoting Cotton v. Hinton, 559 F.2d 1336, 1331 (5th Cir. 1977)). Additionally, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).

The settlement of the instant action involves just such a situation in which the Court may approve the Parties' settlement to resolve and release Plaintiff's FLSA claim. The proposed settlement arises out of an action brought by Plaintiff against his former employer, which is adversarial in nature. *See Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247 (5th Cir. 2012)

(finding *Lynn's Food Stores, Inc.* fairness concerns not implicated regarding settlement that occurred within the context of a lawsuit where a plaintiff-employee is represented by counsel), *followed by Smith v. Tri-City Transmission Serv.*, 2012 U.S. Dist. LEXIS 119428 (D. Ariz. Aug. 23, 2012). During the litigation and settlement of this action, Plaintiff was and is represented by experienced counsel.

The Parties' settlement of the **FLSA Retaliation claim** is the result of a *bona fide* compromise between them on a variety of disputes of law and fact, including without limitation: (a) whether Plaintiff is entitled to damages in back wages under the FLSA, (b) if Plaintiff should have been classified as non-exempt for the entirety of his employment, (c) if Plaintiff is entitled to receive damages in front wages under the FLSA, (d) if Plaintiff is entitled to compensatory damages under the FLSA, and (e) whether Defendant's actions were non-willful and taken in good faith.

Should Plaintiff prevail, the Defendant may potentially fail on all defenses and be indebted to the Plaintiff for a Judgment for back wages, for part or the entire of Plaintiff's claim, as well as an award for liquidated damages, and attorney's fees and costs. Consequently, the Parties recognize the inherent uncertainty in proceeding with this action, the preoccupation of litigation, the investiture of additional time to continue to litigate this case through a trial, the additional expenditure of fees and costs that will accrue as this matter moves forward (especially through trial), the uncertainty of whether any money judgment would be collectable, and the possibility that such a judgment would be discharged in bankruptcy. In recognition of these concerns, the Parties have agreed to resolve this action.

Plaintiff's attorneys' fees and costs were negotiated separately from the amounts claimed by Plaintiff for his underlying claims. As the Court explained in *Bonetti v. Embarq Management*

*Co.*, 2009 U.S. Dist. LEXIS 68075 at *11-12 (M.D. Fla. Aug. 4, 2009), where a "plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Bonetti*, 2009 U.S. Dist. LEXIS 68075 at *15-16. The Parties respectfully submit that Plaintiff's counsel is receiving a reduced amount in attorneys' fees and costs. Further the Parties submit that Plaintiff's claims for unpaid wages and/or unpaid overtime are not in dispute and are not settled for as they are removed from the operative complaint, and therefore Plaintiff's agreement for settlement in this matter constitutes an agreement premised on Plaintiff's Counts of Retaliation.

The settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. Plaintiff and his counsel discussed the viability of Plaintiff's claims and formulated their own proposed settlement figures. The Parties then continued to engage in settlement discussions based upon their independent calculations.

The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during negotiations. All Parties were counseled and represented by their respective attorneys through the litigation and settlement process. The Agreement has been signed by the Parties.

### III.  Conclusion

The Parties jointly request that this Court approve the Parties' FLSA settlement agreement and request that the Court dismiss this entire action with prejudice. The Parties submit all requested documents for in camera review and respectfully request that any such settlement agreement entered into by the Parties is kept in confidence as well as all supporting documents requested by

5

the Court and submitted for in camera review; including: (1) a copy of the settlement agreement, (2) the retainer agreement, and (3) attorneys' billing and cost records, and if the same be approved by this Court that it may dismiss with Prejudice the instant matter.

Dated: October 16, 2022

| */s/ Jorge Costa* <br> Jorge Costa, Esq. <br> Florida Bar No. 1031513 <br> Email: *jcosta@rgpattorneys.com* <br> REMER, GEORGES-PIERRE & HOOGERWOERD, PLLC <br> 2745 Ponce De Leon Blvd., <br> Coral Gables, Fl 33134 <br> Telephone: (305) 416-5000 <br> *Counsel for Plaintiff* | */s/ Mitchell L. Lundeen* <br> Mitchell L. Lundeen, Esq. <br> Fla. Bar No.: 253952 <br> mlundeen@chartwelllaw.com <br> msala@chartwelllaw.com <br> CHARTWELL LAW <br> 100 S.E. 2nd Street <br> Suite 2150 <br> Miami, Florida 33131 <br> Tel: 305-372-9044 <br> Fax: 305-372-5044 |
|---|---|

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 16, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/    *Jorge L. Costa*
**Anthony M. Georges-Pierre, Esq.** Florida Bar No.: 533637
**Max L. Horowitz, Esq.**
Florida Bar No.: 118269
**Jorge L. Costa, Esq.**
Florida Bar No.: 1031513

Service List:

| | |
|---|---|
| Anthony M. Georges-Pierre, Esq.<br>Florida Bar No. 533637<br>agp@rgpattorneys.com<br>Max L. Horowitz, Esq.<br>Florida Bar No. 118269<br>mhorowitz@rgpattorneys.com<br>Jorge L. Costa, Esq.<br>Florida Bar No. 1031513<br>Jcosta@rgpattorneys.com<br>REMER, GEORGES-PIERRE & HOOGERWOERD, PLLC<br>2745 Ponce De Leon Boulevard<br>Coral Gables, Florida 33134<br>Telephone: (305) 416-5000<br>Facsimile: (305) 416-5005<br>Counsel for Plaintiff | Mitchell L. Lundeen, Esq.<br>Fla. Bar No.: 253952<br>mlundeen@chartwelllaw.com<br>msala@chartwelllaw.com<br>CHARTWELL LAW<br>100 S.E. 2nd Street<br>Suite 2150<br>Miami, Florida 33131<br>Tel: 305-372-9044<br>Fax: 305-372-5044 |